**Tagged for Publication**



ORDERED in the Southern District of Florida on February 10, 2012.

John K. Olson, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Paul Velez & Merle Duplessis,

Debtors.
_____/

Case No. 11-16560-JKO

Chapter 13

ORDER:
(1) Sanctioning Attorney;
(2) Overruling Claim Objections;
(3) Scheduling Status Conference.

On November 2, 2011, this court entered an Order to Show Cause which directed attorney Alberto Hernandez to appear on December 7, 2011 and explain apparent violations of Fed. R. Bankr. P. 9011(b) and 11 U.S.C. § 526(a)(2). For the reasons below, Mr. Hernandez is hereby sanctioned for prosecuting five claim objections in violation of Rule 9011(b). The offending claim objections are hereby overruled and the court will conduct a status conference to address when Mr. Hernandez' suspension should begin.

1

I. **Procedural Background**

Debtors Paul Velez and Merle Duplessis filed schedules on March 25, 2011. *See* [ECF No. 9]. Schedule F listed fifty-two unsecured nonpriority creditors. *See id.* at 12-19. Forty-one of those debts were marked as "disputed," eight were marked "unliquidated" (despite being scheduled in precise amounts), one entry was a notification placeholder, and one debt owed to "Gemb/jcp" in the amount of $0.01 (one cent) was not marked as contingent, unliquidated, or disputed.

Creditors timely filed twelve claims before the July 25, 2011 claims bar date, and the Debtor objected to eight of them:

> ECF No. 44 Objection to Claim #2 of Chase Bank (for Kohl's Dept. Stores)
>
> > Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."
>
> Claim #2 Amt: $ 506.02
> Schedule F Amt: $ 492.00 (marked as unliquidated & owed to Kohl's)
>
> Last four digits of acct. # listed on proof of claim - 5095
> Corresponding four digits of acct. # listed on Schedule F - 5095
>
> Debtor recommendation - strike & disallow
>
> Status -    objection heard 09/07/2011 ... Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim ... court refrains from entering proposed order and instead enters Order to Show Cause on 11/02/2011

ECF No. 44    Objection to Claim #3 of FIA Card Svcs. (for Bank of America)

    Basis - Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed.

Claim #3 Amt: $ 17,268.74
Schedule F Amt: $ 17,268.00 (marked as unliquidated & owed to BofA)

Last four digits of acct. # listed on proof of claim - 0084
Corresponding four digits of acct. # listed on Schedule F - 0084

Debtor recommendation - strike & disallow

Status -    objection heard 09/07/2011 ... Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim ... court refrains from entering proposed order and instead enters Order to Show Cause on 11/02/2011

ECF No. 44    Objection to Claim #5 of Candica, LLC (for Barclay's Bank)

    Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

Claim #5 Amt: $ 8,380.69
Schedule F Amt: $ 8,295.00 (marked unliquidated & owed to Barclays)

Last four digits of acct. # listed on proof of claim - 4346

      Corresponding four digits of acct. # listed on Schedule F - 4346

      Debtor recommendation - strike & disallow

      Status -      objection heard 09/07/2011 ... Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim ... court refrains from entering proposed order and instead enters Order to Show Cause on 11/02/2011


ECF No. 44    Objection to Claim #6 of Portfolio Recover Assoc. (for Chase)

      Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

      Claim #6 Amt: $ 31,828.45
      Schedule F Amt: $ 31,828.00 (marked unliquidated & owed to Chase)

      Last four digits of acct. # listed on proof of claim - 4138
      Corresponding four digits of acct. # listed on Schedule F - 4138

      Debtor recommendation - strike & disallow

      Status -      objection withdrawn by Mr. Hernandez's on record at 09/07/2011 claim objection hearing ... Mr. Hernandez fails to file formal notice of withdrawal ... court *sua sponte* enters order on 09/15/2011 at ECF No. 51 to clarify docket and deem objection withdrawn ... original POC #6-1 allowed


ECF No. 44    Objection to Claim #7 of CR Evergreen (for Chase)

      Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing

    date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

Claim #7 Amt: $ 6,240.33
Schedule F Amt: $ 6,240.00 (marked unliquidated & owed to Chase)

Last four digits of acct. # listed on proof of claim - 1273
Corresponding four digits of acct. # listed on Schedule F - 1273

Debtor recommendation - strike & disallow

Status -  objection heard 09/07/2011 … Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim … court refrains from entering proposed order and instead enters Order to Show Cause on 11/02/2011

ECF No. 44 Objection to Claim #8 of Portfolio Recovery Assoc. (for Chase)

  Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

Claim #8 Amt: $ 23,103.96
Schedule F Amt: $ 23,103.00 (marked unliquidated & owed to Chase)

Last four digits of acct. # listed on proof of claim - 0605
Corresponding four digits of acct. # listed on Schedule F - 0605

Debtor recommendation - strike & disallow

Status -  objection heard 09/07/2011 … Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim …

                court refrains from entering proposed order and instead enters Order to Show Cause on 11/02/2011

ECF No. 44    Objection to Claim #11 of Quantum3 Group LLC

    Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

Claim #11 Amt: $ 21,920.78
Schedule F Amt: N/A (not scheduled)

Last four digits of acct. # listed on proof of claim - 9001
Corresponding four digits of acct. # listed on Schedule F - N/A (not scheduled)

Debtor recommendation - strike & disallow

Status -    objection heard 09/07/2011 … Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim … court modifies and enters proposed order sustaining objection to Claim # 11 on 11/04/2011

ECF No. 44    Objection to Claim #12 of Quantum3 Group LLC

    Basis - "Debtor asserts that the claim is filed in violation of Local Rule 3000-1(A)(3), as the proof of claim is based on a writing that does not attach a list of invoices or other attachments and documentation to show that Debtor owes the actual amount claimed, such as the accounts application or contract or most recent statement provided to Debtor prior to the filing date. The document does not attach any documents and/or evidence of lawful assignment of note as provided on F.S. 727.104. The assignment of the negotiable instrument and/or note does not substantially confirm and/or comply with the strict language of 727.104. Florida Statutes (2010) failed to state the basis for the deficiency. The claim should be Stricken and Disallowed."

       Claim #11 Amt: $ 64.00
       Schedule F Amt: N/A (not scheduled)

       Last four digits of acct. # listed on proof of claim - 1001
       Corresponding four digits of acct. # listed on Schedule F - N/A (not scheduled)

       Debtor recommendation - strike & disallow

       Status -       objection heard 09/07/2011 … Mr. Hernandez submits proposed eOrder # 275958 after hearing striking & disallowing the claim … court modifies and enters proposed order sustaining objection to Claim # 12 on 11/04/2011

There is no such thing as "Local Rule 3000-1(A)(3)," and § 727.104 of the Florida Statutes has nothing to do with the validity of assignments for any of these claims. Section 727.103 defines "assignment" as "an assignment for the benefit of creditors made under this chapter" which, pursuant to § 727.102, is a proceeding in a Florida state circuit court. Pursuant to § 727.101, "[t]he intent of this chapter is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter." Fla. Stat. § 727.101. There is nothing in the record to indicate that a state court ABC was commenced before this voluntary bankruptcy filing. Accordingly, there was no requirement of a written "irrevocable assignment and schedules" conforming to the form contained within § 727.104 and "providing for an equal distribution of the estate according to the priorities set forth in s. 727.114." Fla. Stat. § 727.104(1)(a). The notion that the above claims should be stricken and disallowed in their entirety for failure to conform to a state court ABC procedure is a position that – viewed objectively from the bench – constitutes a bad faith attempt to strike and disallow claims for debts which the Debtors admitted under penalty of perjury in their schedules to owing.[1]

---

[1] The Debtors admitted in their schedules to owing debts corresponding to claims 2, 3, 5, 6, 7, & 8. They did not schedule undisputed debt corresponding to claims 11 & 12 (such that those claims could be disputed if the Debtors, in good faith, denied owing the money).

7

A common law assignment or delegation of a contractual right or obligation which does not relate to a Florida state court "ABC" ("assignment for the benefit of creditors") proceeding is not governed by § 727.104. "Florida law recognizes the general right to assign common law and statutory rights, unless there is an express prohibition in a statute, or a showing that an assignment would clearly offend an identifiable public policy." *VOSR Industries, Inc. v. Martin Properties, Inc.*, 919 So.2d 554, 556 (Fla. 4th DCA 2005) (citing *Forgione v. Dennis Pirtle Agency Inc.*, 701 So.2d 557, 559 (Fla. 1997). Debtors' counsel did not cite to any statute or case law giving rise to a good faith argument that the assignments were statutorily prohibited or against public policy.

Even if the court were to ignore the fact that Debtors' counsel relied upon a nonexistent local rule and an irrelevant Florida statute, the core issue here is that he objected on technical grounds to claims corresponding to debts which his clients admitted under penalty of perjury in their schedules to owing.[2] This is the thrust of the discussion section below. Six of the eight objections concerned debts which were scheduled as both noncontingent and undisputed. Each proof of claim contained sufficient information for Debtors' counsel to match the claim with the scheduled debts, and three of the claims were within $1 of the scheduled amount. Mr. Hernandez submitted proposed orders striking five of the claims when his clients had already conceded under penalty of perjury that the debts were due and owing in substantially the same amounts. Further, the Debtors marked all but one of their Schedule F debts as either unliquidated or disputed, and the one debt marked as neither contingent, unliquidated, nor

---

[2] Claims 11 & 12 could not be matched to debt conceded as owed on Schedule F and, in light of the absence of any Debtor concession, the creditor did not attach enough supporting documentation to substantiate the claims. In other words, claims 11 & 12 seemed to "come out of the blue," the court construed the Debtors' technical objections to those claims as a denial that they owed the money, and accordingly sustained the Debtors' objections on November 4, 2011. *See* [ECF No. 61]. Debtors' counsel withdrew his objection to claim 6 before the court entered it order to show cause, and the objections to claims 2, 3, 5, 7, & 8 are the subject of this sanctions order.

disputed was in the amount of $0.01 (one cent). The court accordingly entered its Order to Show Cause on November 2, 2011 to determine whether sanctions should be imposed upon Mr. Hernandez for violating 11 U.S.C. § 526(a)(2) in Schedule F and for prosecuting five claim objections in violation of Fed. R. Bankr. P. 9011(b).

## II. Discussion

Section 502(a) of the Bankruptcy Code states that a timely filed claim "is deemed allowed, unless a party in interest . . . objects." Section 502 continues in subsections (b)(1)-(9) with an exhaustive list of reasons for claim disallowance, and failure to accompany a proof of claim with the appropriate writing is not one of the reasons listed. Because there is no independent basis for claim disallowance created by Fed. R. Bankr. P. 3001(c), failure to comply with that rule is an evidentiary defect which only deprives a claim of its *prima facie* validity.

A proof of claim, when considered together with the relevant admissions in the schedules, establishes a *prima facie* case of the debtor's liability on the claim and shifts the evidentiary burden to the debtor. *See In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004). If a debt is undisputed, no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of the debt, the objection to claim should be overruled based upon the preponderance of the evidence. *See In re Kincaid*, 388 B.R. 610, 617-18 (Bankr. E.D. Pa. 2008). To hold otherwise is to invite mischief:

> Debtors with no evidence that the claims are invalid may be inclined to launch "fishing expeditions" for documents that the claimants simply cannot produce timely or economically. Creditors who have executed their claims under penalty of fines and imprisonment will be forced to decide whether producing documentation is economically feasible for a $5,000 claim, while debtors who have signed bankruptcy schedules under penalty of perjury are relieved of their obligations to include those claims in a chapter 13 plan based on a technicality.

*In re Habiballa*, 337 B.R. 911, 916 (Bankr. E.D. Wis. 2006). This district has at least three published opinions concerning claim disallowance under 11 U.S.C. § 502 and Fed. R. Bankr. P. 3001(c) which explain why a creditor's failure to attach a signed application or statements supporting its claim is not a basis for claim disallowance when a debtor has conceded to owing the debt in her schedules. *See In re Orozco*, No. 09-34626-BKC-RAM (Bankr. S.D. Fla. July 30, 2011) (Mark, J.) (Westlaw & Lexis citations not yet available); *In re Moreno*, 341 B.R. 813 (Bankr. S.D. Fla. 2006) (Mark, J.); *Paul Mason & Assocs. v. Cordero (In re Felipe)*, 319 B.R. 730 (Bankr. S.D. Fla. 2005) (Mark, J.).

"If a claim is scheduled by a debtor as undisputed and in an amount equal to or greater than the amount in the proof of claim, little, if any, documentation is necessary." *Moreno*, 341 B.R. at 818. If "a claim correlates by account number to a claim scheduled by the debtor, but the amount of the claim exceeds the scheduled amount," the debtor should only object to the extent that the unsubstantiated claim amount exceeds the scheduled amount. *Id.* at 819. Claim objections "should only address that portion of a claim actually in dispute." *Felipe*, 319 B.R. at 735 n.3. It is therefore inappropriate to seek an order striking a claim in its entirety if the debtor has scheduled the claim as undisputed in any amount. *Id.*

Further, in *Moreno*, Judge Mark warned that "The Court's bar to raising objections to claims scheduled as undisputed should not be read as an invitation to schedule credit card debt as disputed in the hope of shifting the burden back to the creditor." *Moreno*, 341 B.R. at 818. A debtor's "scheduling a claim as contingent, unliquidated, or disputed, without thereafter affirmatively asserting in an objection that the debtor owes nothing or owes less than the amount claimed, does not change the result." *Id.* A claim objection seeking to strike and disallow must contain both an affirmative assertion and a reasonable basis to conclude the debtor owes nothing

or owes less than the amount claimed. *See id.* Simply marking a debt as contingent, unliquidated, or disputed will not change the result, and doing so disingenuously or without reasonable care will subject the debtor's attorney to sanctions under 11 U.S.C. § 526(b)(5)(B) as well as Fed. R. Bankr. P. 9011(b).

At the December 7, 2011 show-cause hearing in this case, Mr. Hernandez attempted a series of explanations on the record that (roughly paraphrased) amounted to an admission that he negligently filed claim objections with inaccurate and/or incomplete factual bases. *See* Hr'g Tr., 3-9, Dec. 7, 2011. In an effort to focus Mr. Hernandez's soliloquy, this court asked, "What evidence did you have before you, Mr. Hernandez, at the time that you filed the objections to these claims which would support striking them or disallowing them, when the claims that were filed were the only claims that related to these specific accounts, and that they were in substantially the same amount as the claims which had been scheduled by the debtor?" Hr'g Tr., 9, Dec. 7, 2011. Mr. Hernandez was unable to provide any evidence or even supply a meaningful explanation to justify filing of any of the offending claim objections. *See* Hr'g Tr., 9-10, Dec. 7, 2011. Mr. Hernandez sought to strike and disallow five claims which his clients had already admitted (under penalty of perjury) to owing in substantially similar amounts. "The gig is up . . . on debtors taking advantage of the cost of responding to claims objections and obtaining orders striking claims which the debtor has acknowledged owing in whole or substantial part." *Moreno*, 341 B.R. at 819-820.

*Sanctions Imposed by this*
*Order are Warranted and Appropriate.*

If there is no substantive objection to a claim, the creditor should not be required to provide further documentation because it serves no purpose other than to decrease the likelihood

that a valid claim against the estate will be disallowed on specious grounds. *See In re Shank*, 315 B.R. 799, 813 (Bankr. N.D. Ga. 2004). The Federal Rules of Bankruptcy Procedure provide that the "rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001. The purpose of the rules governing claims is to require creditors to provide sufficient information so that a debtor may identify creditors and match their claims with scheduled debts. *See generally In re Habiballa*, 337 B.R. at 915 (explaining "the purpose of Rule 3001 is to provide certain minimum evidentiary standards for proofs of claim"). To require creditors to produce voluminous account information for every claim imposes an unnecessary burden on creditors without conferring a commensurate benefit to debtors. *See Shank*, 315 B.R. at 813. Instead, it increases abuse and litigation. *See id.* So long as the proof of claim contains sufficient information to match it with a scheduled debt, the debt is undisputed, no other creditor has filed a proof of claim for the debt, and the debtor doesn't present any evidence to dispute the debt or ownership of the debt, the objection to claim is specious. *See Kincaid*, 388 B.R. at 617-18.

The court has entered orders to show-cause in this case and others with a singular aim – to address what has become a pervasive problem within this district stemming from wholesale unjustified claim objections, and to stop that practice. Fed. R. Bankr. P. 9011 places an affirmative duty upon attorneys to make a reasonable investigation of the facts and the law before signing and submitting any petition, pleading, motion, or other paper. *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 939 (6th Cir. 2010); *Briggs v. Labarge (In re Phillips)*, 433 F.3d 1068 (8th Cir. 2006). Attorneys are required to "think first and file later." *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir. 1986); *see also Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) (telling attorneys to "look before leaping"). The filing of claim

objections with little investigation into the facts or law has become commonplace in this district. In an attempt to stop this practice, the court is entering this and other similar sanctions orders. Attorneys who have filed claim objections in violation of Fed. R. Bankr. P. 9011(b) are being sanctioned in accordance with Rule 9011:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.

Fed. R. Bankr. P. 9011(c)(2). While a certain sanction may be sufficient to deter repetition by an attorney who got caught, that very same sanction may not be sufficient to deter comparable conduct by others similarly situated. The sanctions imposed by this order must be tailored to deter those who may choose to take a calculated risk when deciding whether to object to a creditor's claim.

### III.   Conclusion

Albert H. Hernandez filed and prosecuted five claim objections in this case without reasonable investigation into the facts or the law. He sought to strike and disallow the claims in their entirety when his clients had already admitted under penalty of perjury to owing the money. "The gig is up . . . on debtors taking advantage of the cost of responding to claims objections and obtaining orders striking claims which the debtor has acknowledged owing in whole or substantial part." *Moreno*, 341 B.R. at 819-820. Mr. Hernandez violated Fed. R. Bankr. P. 9011(b), and sanctions under Rule 9011(b)(2) must be tailored to deter repeat behavior and to deter similar conduct by others similarly situated.

It is accordingly ORDERED that:

(1)   Alberto H. Hernandez, Esq. is hereby suspended from practice in the United States Bankruptcy Court, Southern District of Florida for 31 days. The

        suspension period shall begin on a date to be set by separate order of court after the time for reconsideration and appeal of this order has run;

(2)    the Debtors' objections to claims 2, 3, 5, 7, & 8, which Mr. Hernandez filed at ECF No. 44 in violation of Fed. R. Bankr. P. 9011(b), are hereby OVERRULED and claims 2, 3, 5, 7, & 8 are hereby ALLOWED as filed;

(3)    a status conference is hereby scheduled for March 5, 2012 at 1:00 p.m. in Courtroom 301, 299 East Broward Blvd., Fort Lauderdale, FL 33301 to address the issue of when Mr. Hernandez' suspension should begin.

###

Debtor  
Debtor's Attorney  
Claimants